IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID N. COX, II,<br>HEATHER K. COX, and<br>COX'S AG SERVICES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>LANCASTER TOWNSHIP,<br>MICHAEL CORNELL,<br>in his official and individual capacity,<br>CHRISTOPHER ALTMAN,<br>in his official and individual capacity,<br>and C. MICHAEL FOOTE,<br>in his official an individual capacity,<br><br>    Defendants. | Civil Action No. 2:23-cv-1548<br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br>Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, DAVID N. COX, II, HEATHER K. COX, and COX'S AG SERVICES, LLC, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of various civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3).

1

4.       Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiffs is located in the Western District of Pennsylvania.

## PARTIES

5.       Plaintiff, David N. Cox, II, is an adult male individual and resident of Butler County, Pennsylvania.  Plaintiff David Cox is the husband of Plaintiff Heather Cox. Plaintiff David Cox is the owner of Plaintiff Cox's Ag Services, LLC.

6.       Plaintiff, Heather K. Cox, is an adult female individual and resident of Butler County, Pennsylvania.  Plaintiff Heather Cox is the wife of Plaintiff David Cox.

7.       Plaintiff, Cox's Ag Services, LLC ("LLC"), is a limited liability company with a registered address of 360 Fassinger Road, Evans City, Pennsylvania 16033.  Plaintiff David Cox is the owner of Plaintiff LLC.

8.       Defendant, Lancaster Township ("Township"), is a Pennsylvania municipal corporation with administrative offices located at 113 Kings Alley, Harmony, Pennsylvania 16037.  At all times relevant to this Complaint, Defendant Township acted by and through its officials, including, but not limited to, Defendant C. Michael Foote.

9.       Defendant, C. Michael Foote ("Foote"), is an adult individual and resident of Butler County, Pennsylvania.  At all times relevant to this Complaint, Defendant Foote was the Township Manager and Floodplain Administrator of Defendant Township, employed by Defendant Township, purporting to act within the full scope and authority of his office. In his capacity as Township Manager and Floodplain Administrator, Defendant Foote purported to act as a decision-maker for Defendant Township.

10.      Defendant, Michael Cornell ("Cornell"), is an adult male individual and a United States citizen.  Plaintiff believes, and therefore avers, that Defendant Cornell is a resident of Butler

County, Pennsylvania.  At all times relevant to this Complaint, Defendant Cornell was a law enforcement officer holding the rank of "sergeant" employed by Defendant Township, with offices located at 508 Perry Highway, Harmony, PA 16037, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Lancaster Township Police Department.  At all times relevant to this Complaint, Defendant Cornell managed the Lancaster Township Police Department.

11. Defendant, Christopher Altman ("Altman"), is an adult male individual and a United States citizen.  Plaintiff believes, and therefore avers, that Defendant Altman is a resident of Butler County, Pennsylvania.  At all times relevant to this Complaint, Defendant Altman was a law enforcement officer holding the rank of "patrolman" employed by the Lancaster Township Police Department, with offices located at 508 Perry Highway, Harmony, PA 16037, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Lancaster Township Police Department.

12. The actions of Defendants, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiffs.  All of the acts described below were committed by Defendants with reckless disregard and/or deliberate indifference to the constitutional rights of the Plaintiffs, and they were done under the color and pretense of the law.  As a direct and proximate result thereof, Defendants violated the Plaintiffs' constitutional rights.

FACTUAL ALLEGATIONS

13. Plaintiffs David and Heather Cox are the owners of two (2) parcels of land located in a Rural Residential Zoning District located in Defendant Township.

3

14. Plaintiff David Cox purchased that property in or about 2014 and relocated Plaintiff LLC to that property at that time. Plaintiff Heather Cox was added to the property's deed in or about 2018.

15. Plaintiff LLC primarily offers excavation services. Plaintiff LLC also offers agricultural and trucking services.

16. Prior to that 2015, the previous owners of the property also operated an excavating business at the property.

17. On or about October 1, 2021, Defendant Cornell, in his capacity as a law enforcement officer employed by Defendant Township, entered Plaintiff David and Heather Cox's property.

18. Defendant Cornell informed an employee of Plaintiff LLC that the Plaintiffs needed to bond the road to operate Plaintiff LLC.

19. At that time, drivers employed by Graft Custom Construction Company were exiting the property.

20. Defendant Cornell then stopped the aforementioned drivers and threatened to issue citations to them if they continued to haul supplies to Plaintiff David and Heather Cox's property and/or for Defendant LLC.

21. However, Plaintiffs are aware of drivers hauling supplies to other similarly situated properties and/or business locations which do not have bonded roads.

22. Defendant Cornell and/or other law enforcement officers have not stopped and/or threatened to issue citations to drivers for hauling supplies to those similarly situated properties and/or businesses without bonded roads.

23. No rational basis exists for this difference in treatment.

24. As a direct and proximate result of the threats by Defendant Cornell, as more fully described hereinbefore above, employees of Graft Custom Construction Company have stopped hauling supplies to Plaintiffs David and Heather Cox's, which has adversely affected Plaintiffs David and Heather Cox and Plaintiff LLC.

25. On or about November 24, 2021, Defendant Foote, in his capacity as Manager of Defendant Township, issued a Warning of Zoning/Land Use Violation alleging that Plaintiff LLC was not permitted to operate out of the Plaintiffs' property.

26. On or about April 25, 2022, Plaintiffs David and Heather Cox were served with a Notice of Violation and Cease and Desist Order from Defendant Foote, in his capacity as Manager of Defendant Township, alleging that the Plaintiffs were in violation of Defendant Township's zoning ordinance for "conducting retail sales of landscape supplies, excavating and agricultural sales."

27. However, Plaintiffs David and Heather Cox are not in violation of any ordinances and are permitted to have a home-based business and to engage sales of agricultural products on their property under Defendant Township's zoning ordinance. Pursuant to the applicable ordinance(s), Plaintiff David Cox's continued limited business use of the property constitutes a permitted, pre-existing non-conforming use.

28. Several similarly situated property owners have home-based excavating businesses in the Rural Residential Zoning District within Defendant Township.

29. Plaintiffs believe, and therefore aver, that those similarly situated property owners and/or businesses were not subjected to Notices of Violation and Cease and Desist Orders by Defendants Township and/or Foote.

30. No rational basis exists for this difference in treatment.

31. Additionally, the Notice of Violation issued by Defendant Foote, in his capacity as Township Manager of Defendant Township, was legally and procedurally insufficient, in that it:

   a. Failed to name or identify Plaintiffs David and Heather Cox as owners of record of the property;

   b. Listed only one parcel owned by Plaintiffs David and Heather Cox and failed to identify the second parcel by address, tax identification number, subdivision plan number or deed reference; and

   c. Failed to notify Plaintiffs David and Heather Cox of the specific zoning ordinance violations and provide them with a description of the zoning requirement which not have been met.

32. On or about Plaintiff April 27, 2022, Defendant Altman, in his capacity as a law enforcement officer employed by Defendant Township, entered the Plaintiffs' property and threatened to issue a citation to an employee of Plaintiff LLC.

33. At that time, Defendant Altman stated that the he would issue citations to that employee in the future if the employee continued to work for Plaintiff LLC.

34. Defendant Altman also stated to that employee, "We are not after you.  We are after the company."  Furthermore, Defendant Altman told the employee that "not even a tractor can move on this property."

35. Plaintiffs believe, and therefore aver, that Defendant Altman targeted Plaintiff LLC's business by threatening to issue citations to its employees for violations and that employees of other similarly situated businesses are not threatened with the same citations.

36. No rational basis exists for this difference in treatment.

37. Due to the aforementioned harassment by Defendant Altman, Plaintiff LLC has suffered economically.

38. On or about October 24, 2022, Defendant Altman, in his capacity as a law enforcement officer employed by Defendant Township, stopped Plaintiff David Cox's vehicle.

39. At that time, Defendant Altman alleged that Plaintiff David Cox's vehicle was over the weight limit. That allegation was, and is, patently false.

40. Shortly thereafter, Defendant Cornell arrived at the scene. At that time, Defendant Cornell stated to Plaintiff David Cox that he had "direct orders to run Cox's Ag Service out of this township."

41. Plaintiff David Cox was not issued a citation in connection with the above-described traffic stop.

42. Plaintiff David Cox believes, and therefore avers, that he was targeted by Defendants Altman and Cornell.

43. Similarly situated individuals operate vehicles carrying comparable loads on the same road on which Defendants Altman and Cornell stopped Plaintiff David Cox, as more fully described hereinbefore above.

44. Those vehicles belonging to other similarly situated individuals are not stopped by Defendant Altman, Defendant Cornell and/or other law enforcement officers employed by Defendant Township for carrying comparable loads to those transported by Plaintiff LLC. No rational basis exists for this difference in treatment.

45. On or about November 18, 2022, Defendant Foote, in his capacity as Defendant Township's Floodplain Administrator, issued an Amended Notice of Violation to Plaintiffs David and Heather Cox alleging ordinance violations of Defendant Township's Floodplain Management Ordinance for depositing fill and placing concrete blocks and storage material in the floodplain on their property.

46.     That Notice of Violation failed to offer any evidence that the Plaintiffs had failed to meet requirements of the ordinance.

47.     Defendants alleged that the Plaintiffs did not have the proper permits to conduct certain activities within the floodplain.

48.     However, similarly situated property owners located in Defendant Township have built within the floodplain and have not been subjected to Notices of Violation by Defendants Township and/or Foote.

49.     No rational basis exists for this difference in treatment.

50.     Furthermore, the Floodplain Management Ordinance requires that Defendant Township make an application form available to those parties seeking a permit under the ordinance.

51.     At the time of the issuance of the Notice of Violation, no such permit existed.

52.     Plaintiffs David and Heather Cox appealed the Notice of Violation issued by Defendant Foote.

53.     On or about March 6, 2023, Plaintiff David and Heather Cox's appeal of the aforementioned Notice of Violation was granted.

COUNT I:

PLAINTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

54.     Plaintiffs incorporates by reference Paragraphs 1 through 53 as though fully set forth a length herein.

55. As described hereinbefore above, Defendant Cornell stopped drivers employed by Graft Custom Construction Company and threatened issue citations to them if they continued to haul supplies to Plaintiff David and Heather Cox's property and/or to Plaintiff LLC.

56. However, Plaintiffs are aware of drivers hauling supplies to other similarly situated properties and/or businesses which do not have bonded roads.

57. Defendant Cornell and/or other law enforcement officers have not stopped and/or threatened to issue citations to drivers for hauling supplies to those similarly situated properties and/or businesses without bonded roads.

58. No rational basis exists for this difference in treatment.

59. As a direct and proximate result of the threats by Defendant Cornell, as more fully described hereinbefore above, employees of Graft Custom Construction Company have stopped hauling supplies to Plaintiffs David and Heather Cox's, which has adversely affected Plaintiff David and Heather Cox and Plaintiff LLC.

60. As more fully described hereinbefore above, on April 27, 2022, Defendant Altman, in his capacity as a law enforcement officer employed by Defendant Township, entered the Plaintiffs' property and threatened to issue citations to an employee of Plaintiff LLC.

61. Plaintiffs believe, and therefore aver, that Defendant Altman targeted Plaintiff LLC's business by threatening to issue citations to its employees for violations.

62. Plaintiffs further believe that employees of other similarly situated businesses are not threatened with the same citations.

63. No rational basis exists for this difference in treatment.

64. The actions of Defendants Cornell and Altman were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting the individual Defendants to punitive damages.

65. As a direct and proximate result of the Defendants' actions Plaintiffs suffered the following injuries and damages:

    a. violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

    b. economic damages; and

    c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFFS DAVID COX and HEATHER COX v. DEFENDANTS TOWNSHIP and FOOTE

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

66. Plaintiffs incorporates by reference Paragraphs 1 through 65 as though fully set forth a length herein.

67. As described hereinbefore above, Plaintiffs David and Heather Cox were served with a Notice of Violation and Cease and Desist Order from Defendant Foote, in his capacity as Township Manager of Defendant Township, alleging that the Plaintiffs were in violation of the zoning ordinance for "conducting retail sales of landscape supplies, excavating and agricultural sales."

68. However, Plaintiffs David and Heather Cox are not in violation of any ordinances and are permitted to have a home-based business and to engage sales of agricultural products on their property under Defendant Township's zoning ordinance. Pursuant to the applicable ordinance(s), Plaintiff David Cox's continued limited business use of the property constitutes a permitted, pre-existing non-conforming use.

69. Several similarly situated property owners have home-based excavating businesses in the Rural Residential Zoning District within Defendant Township.

70. Plaintiffs believe, and therefore aver, that those similarly situated property owners conducting business on their property were not subjected to Notices of Violation and Cease and Desist Orders by Defendants Township and/or Foote.

71. In his capacity as Manager, Defendant Foote purported to act as a decision-maker for Defendant Township.

72. The actions of Defendant Foote were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Foote to punitive damages.

73. As a direct and proximate result of Defendant Foote's actions, in his capacity as Township Manager of Defendant Township, Plaintiffs suffered the following injuries and damages:

    a. violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

      b.      economic damages; and

      c.      other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Foote; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFFS DAVID COX and HEATHER COX v. DEFENDANTS TOWNSHIP and FOOTE

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

74. Plaintiffs incorporates by reference Paragraphs 1 through 73 as though fully set forth a length herein.

75. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiffs' constitutional rights under color of law.

76. As more fully described hereinbefore above, Defendant Foote, in his capacity as Manager of Defendant Township, issued a Notice of Violation and Cease and Desist Order to Plaintiff David and Heather Cox on or about April 25, 2022, alleging that the Plaintiffs were in violation of the zoning ordinance for "conducting retail sales of landscape supplies, excavating and agricultural sales."

77. That Notice of Violation and Cease and Desist Order failed to follow proper procedure, in that it:

    a. Failed to name or identify Plaintiffs David and Heather cox as owners of record of the property;

    b. Listed only one parcel owned by Plaintiffs David and Heather Cox and failed to identify the second parcel by address, tax identification number, subdivision plan number or deed reference; and

    c. Failed to notify Plaintiffs David and Heather Cox of the specific zoning ordinance violations and provide them with a description of the zoning requirement which have not been met.

78. At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiffs David and Heather Cox had a constitutionally protected property interest in their property and/or business.

79. Defendants deprived Plaintiffs their constitutionally protected property interest in their property and/or business when it failed to follow proper procedure.

80. In his capacity as Manager, Defendant Foote purported to act as a decision-maker for Defendant Township.

81. The actions of Defendant Foote were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Foote to punitive damages.

82. As a direct and proximate result of the Defendant Foote's actions, in his capacity as Township Manager of Defendant Township, Plaintiffs suffered the following injuries and damages:

    a. violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

    b. economic damages; and

    c.    other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demand compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Foote; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFFS DAVID and HEATHER COX v. DEFENDANTS TOWNSHIP and FOOTE

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

83. Plaintiffs incorporates by reference Paragraphs 1 through 82 as though fully set forth a length herein.

84. As more fully described hereinbefore above, Defendant Foote, in his capacity as Manager and/or Floodplain Administrator, issued a Notice of Violation and Cease and Desist Order to Plaintiffs David and Heather Cox.

85. Defendants alleged that the Plaintiffs did not have the proper permits to conduct certain activities within the floodplain.

86. However, similarly situated property owners located in Defendant Township have built within the floodplain and have not been subjected to Notices of Violation by Defendants Township and/or Foote.

87. No rational basis exists for this difference in treatment.

88.     In his capacity as Manager and Floodplain Administrator, Defendant Foote purported to act as a decision-maker for Defendant Township.

89.     The actions of Defendant Foote were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Foote to punitive damages.

90.     As a direct and proximate result of Defendant Foote's actions, Plaintiffs suffered the following injuries and damages:

   a.   violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

   b.   economic damages; and

   c.   other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Foote; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFFS DAVID COX and HEATHER COX v. DEFENDANTS TOWNSHIP and FOOTE

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

PROCEDURAL DUE PROCESS

91.     Plaintiffs incorporates by reference Paragraphs 1 through 90 as though fully set forth a length herein.

92.     Plaintiffs claims damages for the injuries set forth herein under 42 U.S.C. §1983 against the Defendants for violations of Plaintiff's constitutional rights under color of law.

93.     As more fully described hereinbefore above, Defendant Foote, in his capacity as Defendant Township's Floodplain Administrator, issued an Amended Notice of Violation to Plaintiffs David and Heather Cox alleging ordinance violations of Defendant Township's Floodplain Management Ordinance for depositing fill and placing concrete blocks and storage material in the floodplain on their property.

94.     That Notice of Violation failed to offer any evidence that the Plaintiffs had failed to meet requirements of the ordinance.

95.     The Floodplain Management Ordinance requires that Defendant Township make an application form available to those parties seeking a permit under the ordinance.

96.     At the time of the issuance of the Notice of Violation, no such permit existed.

97.     At all times relevant hereto, pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Plaintiffs David and Heather Cox had a constitutionally protected property interest in their property and/or business.

98.     Defendants deprived Plaintiffs of their constitutionally protected property interest in their property and/or business when it failed to follow proper procedure.

99.     In his capacity as Manager, Defendant Foote purported to act as a decision-maker for Defendant Township.

100.    The actions Defendant Foote were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendant Foote to punitive damages.

101.    As a direct and proximate result of Defendant Foote's actions, in his capacity as Manager of Defendant Township, Plaintiffs suffered the following injuries and damages:

    a.    violation of Plaintiffs' constitutional rights under the Fourteenth Amendment to the Constitution of the United States to enjoy the equal protection of the law;

    b.    economic damages; and

    c.    other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiffs demands compensatory general damages against Defendants, and each of them, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Foote; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF DAVID COX v. DEFENDANTS CORNELL and ALTMAN

VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – CLASS OF ONE

102.    Plaintiffs incorporates by reference Paragraphs 1 through 101 as though fully set forth a length herein.

103.    On or about October 24, 2022, Defendant Altman, in his capacity as a law enforcement officer employed by Defendant Township, stopped Plaintiff David Cox's vehicle, alleging that Plaintiff David Cox's vehicle was over the weight limit.

104.    Shortly thereafter, Defendant Cornell arrived at the scene. At that time, Defendant Cornell stated to Plaintiff David Cox that he had orders to "shut you down."

105. Plaintiff David Cox was not issued a citation in connection with the above-described traffic stop.

106. Plaintiff David Cox believes, and therefore avers, that he was targeted by Defendants Altman and Cornell.

107. Similarly situated individuals operate vehicles with oversized loads on the same road on which Defendants Altman and Cornell stopped Plaintiff David Cox, as more fully described hereinbefore above.

108. Those vehicles belonging to other similarly situated individuals are not stopped by Defendant Altman, Defendant Cornell and/or other law enforcement officers employed by Defendant Township for having oversized loads. No rational basis exists for this difference in treatment.

109. The actions of the Defendants were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiffs, thereby subjecting Defendants to punitive damages.

110. As a direct and proximate result of the Defendants' actions, and each of them, Plaintiff David Cox suffered the following injuries and damages:

    a. violation of Plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States;

    b. economic damages; and

    c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-

judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                  JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiffs*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: August 25, 2023